UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: No. 1:18-cv-8947 |

**FINAL JUDGMENT AS TO DEFENDANT TESLA, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant Tesla, Inc. ("Defendant" or "Company") having entered a general appearance; consented to the Court's jurisdiction over Defendant in this matter only and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Rule 13a-15 of the Securities Exchange Act of 1934 (the "Exchange Act") *[17 C.F.R. § 240.13a-15]*.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $20,000,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act *[15 U.S.C. § 78u(d)(3)]*.  Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>    Enterprise Services Center
>    Accounts Receivable Branch
>    6500 South MacArthur Boulevard
>    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Tesla, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended.  The Court shall

retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with the following undertaking set forth therein within forty-five (45) days of the filing of the Consent to appoint an independent Chairman of the Company's Board of Directors ("Chairman") to replace Elon Musk, and agree not to reappoint Elon Musk to Chairman for a minimum of three years and unless such reappointment is approved by a majority vote of shareholders at such time.  Upon request by the Company, the Commission staff may grant in its sole discretion an extension to the deadline set forth above.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with the following undertakings set forth therein within ninety (90) days of the filing of the Consent to:

(a) add two independent directors to the Company's Board of Directors (one of which may be the independent Chairman if that person is appointed from outside the Company, its affiliates, and the affiliates of Elon Musk). Upon request by the Company, the Commission staff may grant in its sole discretion an extension to the deadline set forth above;

(b) create a permanent committee ("Committee") of the Company's Board of Directors, consisting of independent directors only, overseeing the (i) implementation of the terms of this Consent and incorporated Final Judgment; (ii) controls and processes governing the Company's and its senior executives' disclosures and/or public statements that relate to the Company; and (iii) review and resolution of human resources issues or issues raising conflicts of interest that involve any member of executive management.  The charter and composition of the Committee is subject to review and approval by the staff of the Commission;

(c) employ or designate an experienced securities lawyer ("Securities Counsel") whose qualifications are not unacceptable to the staff and maintain such counsel (or a successor Securities Counsel) for so long as the Company remains a reporting company under the Securities Exchange Act of 1934.  The Securities Counsel will review communications made through Twitter and other social media by the Company's senior officers in a manner that is consistent with the Company's disclosure policy and procedures, including the procedures and controls referenced in subsection

|     |     |
| --- | --- |
|     | (d) below, as well as advise the Company on securities issues, including, but not limited to, compliance with all federal securities laws and regulations; |
| (d) | implement mandatory procedures and controls to oversee all of Elon Musk's communications regarding the Company made in any format, including, but not limited to, posts on social media (*e.g.*, Twitter), the Company's website (*e.g.*, the Company's blog), press releases, and investor calls, and to pre-approve any such written communications that contain, or reasonably could contain, information material to the Company or its shareholders. The definition of, and the process to determine, which of Elon Musk's communications contain, or reasonably could contain, information material to the Company or its shareholders shall be set forth in the Company's disclosure policies and procedures; and |
| (e) | certify, in writing, compliance with the undertakings set forth above in paragraphs III and IV. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence within a reasonable amount of time. Defendant shall submit the certification and supporting material to Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104, with a copy to the Office of Chief Counsel of the Enforcement Division, 100 F Street NE, Washington, DC 20549, no later than fourteen (14) days from the date of the completion of the undertakings. |

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE