**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 1 6 2018

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | : | |
| Plaintiff, | : | |
| vs. | : | No. 1:18-cv-8947 |
| TESLA, INC. | : | |
| Defendant. | : | |

## CONSENT MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff United States Securities and Exchange Commission (the "Commission") respectfully submits this consent motion to enter final judgment according to the parties' settlement. In support of this motion, the Commission states the following:

1.      On September 29, 2018, the Commission filed a Complaint against Defendant Tesla, Inc. ("Tesla") alleging violations of the federal securities laws.

2.      The parties have reached a settlement agreement in this case. Attached hereto as Exhibit 1 is the executed Consent of Defendant Tesla, setting forth the terms of its settlement with the Commission.

3.      Attached hereto as Exhibit 2 is the proposed Final Judgment to which Defendant Tesla agreed. The proposed Final Judgment would permanently enjoin Tesla from violating Rule 13a-15 of the Securities Exchange Act of 1934. It would also order Tesla to pay a penalty of $20,000,000 and to comply with the undertakings detailed in the Final Judgment.

The Commission respectfully requests that the Court enter the proposed Final Judgment attached hereto as Exhibit 2.

Dated: September 29, 2018

Respectfully submitted,

*/s/ Jina L. Choi*
Jina L. Choi
Cheryl L. Crumpton*
E. Barrett Atwood*

*Motion to appear *pro hac vice* forthcoming

U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4459 (Crumpton)

44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2467 (Atwood)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION <br><br> Plaintiff, <br><br> vs. <br><br> TESLA, INC., <br><br> Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:  No.<br>:<br>:<br>:<br>:<br>: |

## CONSENT OF DEFENDANT TESLA, INC.

1.  Defendant Tesla, Inc. ("Defendant" or "Company") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant in this action only and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 14 and except as to personal jurisdiction as to this matter only and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)  permanently restrains and enjoins Defendant from violation of Rule 13a-15 of the Securities Exchange Act of 1934 (the "Exchange Act") *[17 C.F.R. § 240.13a-15]*;

    (b)  orders Defendant to pay a civil penalty in the amount of $20,000,000 under Section 21(d)(3) of the Exchange Act *[15 U.S.C. § 78u(d)(3)]*; and

    (c)  requires Defendant to comply with the undertakings set forth in this Consent and incorporated in the Final Judgment.

3.  Defendant acknowledges that the civil penalty paid pursuant to the Final

Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.      Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Within forty-five (45) days of the filing of this Consent, Defendant undertakes to

2

appoint an independent Chairman of the Company's Board of Directors ("Chairman") to replace

Elon Musk, and agree not to reappoint Elon Musk to Chairman for a minimum of three years and

unless such reappointment is approved by a majority vote of shareholders at such time. Upon

request by the Company, the Commission staff may grant in its sole discretion an extension to

the deadline set forth above.

6.    Within ninety (90) days of the filing of this Consent, Defendant undertakes to:

    (a)    add two independent directors to the Company's Board of Directors (one of which may be the independent Chairman if that person is appointed from outside the Company, its affiliates, and the affiliates of Elon Musk). Upon request by the Company, the Commission staff may grant in its sole discretion an extension to the deadline set forth above;

    (b)    create a permanent committee ("Committee") of the Company's Board of Directors, consisting of independent directors only, overseeing the (i) implementation of the terms of this Consent and incorporated Final Judgment; (ii) controls and processes governing the Company's and its senior executives' disclosures and/or public statements that relate to the Company; and (iii) review and resolution of human resources issues or issues raising conflicts of interest that involve any member of executive management. The charter and composition of the Committee is subject to review and approval by the staff of the Commission;

    (c)    employ or designate an experienced securities lawyer ("Securities Counsel") whose qualifications are not unacceptable to the staff and maintain such counsel (or a successor Securities Counsel) for so long as the Company remains a reporting company under the Securities Exchange Act of 1934. The Securities Counsel will review communications made through Twitter and other social media by the Company's senior officers in a manner that is consistent with the Company's disclosure policy and

procedures, including the procedures and controls referenced in subsection (d) below, as well as advise the Company on securities issues, including, but not limited to, compliance with all federal securities laws and regulations;

(d)    implement mandatory procedures and controls to oversee all of Elon Musk's communications regarding the Company made in any format, including, but not limited to, posts on social media (*e.g.*, Twitter), the Company's website (*e.g.*, the Company's blog), press releases, and investor calls, and to pre-approve any such written communications that contain, or reasonably could contain, information material to the Company or its shareholders. The definition of, and the process to determine, which of Elon Musk's communications contain, or reasonably could contain, information material to the Company or its shareholders shall be set forth in the Company's disclosure policies and procedures; and

(e)    certify, in writing, compliance with the undertakings set forth above in paragraphs 5 and 6. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence within a reasonable amount of time. Defendant shall submit the certification and supporting material to Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104, with a copy to the Office of Chief Counsel of the Enforcement Division, 100 F Street NE, Washington, DC 20549, no later than fourteen (14) days from the date of the completion of the undertakings.

4

7.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

9.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

10.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

11.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

12.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

13.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

5

other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

14.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that it neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant:  (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

15.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or

6

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

16.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

17.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _September 29_, 2018

Tesla, Inc.

By: _____
Todd A. Maron
General Counsel
Tesla, Inc.
3500 Deer Creek Road
Palo Alto, CA 94304

On _September 29_, 2018, _Todd Maron_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of _Tesla, Inc._ as its _General Counsel_

_____
Notary Public
Commission expires: _10/24/2020_

STEPHANIE ROBIN CASTRO VARGO
Notary Public - California
Alameda County
Commission # 2169444
My Comm. Expires Oct 24, 2020

Approved as to form:

_____
Bradley J. Bondi
Cahill Gordon & Reindel LLP
1990 K Street, N.W.
Suite 950
Washington, D.C. 20006

Attorney for Defendant

7

# CALIFORNIA JURAT

A notary public or other officer completing this
certificate verifies only the identity of the individual who
signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or validity
of that document.

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF SAN MATEO          )

Subscribed and sworn to (or affirmed) before me on this 29th day of September 2018, by **Todd**

**Maron**, proved to me on the basis of satisfactory evidence to be the person(s) who appeared

before me.

WITNESS my hand and official seal.

_____(Seal)

Notary Public
State of California

STEPHANIE ROBIN CASTRO VARGO
Notary Public - California
Alameda County
Commission # 2169444
My Comm. Expires Oct 24, 2020

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | : |
| Plaintiff, | : |
| vs. | :    No. 1:18-cv-8947 |
| TESLA, INC., | : |
| Defendant. | : |

---

## FINAL JUDGMENT AS TO DEFENDANT TESLA, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant Tesla, Inc. ("Defendant" or "Company") having entered a general appearance; consented to the Court's jurisdiction over Defendant in this matter only and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Rule 13a-15 of the Securities Exchange Act of 1934 (the "Exchange Act") *[17 C.F.R. § 240.13a-15]*.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $20,000,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act *[15 U.S.C. § 78u(d)(3)]*. Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Tesla, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended. The Court shall

retain jurisdiction over the administration of any distribution of the Fund.  If the Commission

staff determines that the Fund will not be distributed, the Commission shall send the funds paid

pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

government for all purposes, including all tax purposes.  To preserve the deterrent effect of the

civil penalty, Defendant shall not, after offset or reduction of any award of compensatory

damages in any Related Investor Action based on Defendant's payment of disgorgement in this

action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of Defendant's payment of a civil

penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such

a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty

Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall

not be deemed an additional civil penalty and shall not be deemed to change the amount of the

civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor

Action" means a private damages action brought against Defendant by or on behalf of one or

more investors based on substantially the same facts as alleged in the Complaint in this action.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with the following undertaking set forth therein within forty-five (45) days of the

filing of the Consent to appoint an independent Chairman of the Company's Board of Directors

("Chairman") to replace Elon Musk, and agree not to reappoint Elon Musk to Chairman for a

minimum of three years and unless such reappointment is approved by a majority vote of

shareholders at such time.  Upon request by the Company, the Commission staff may grant in its

sole discretion an extension to the deadline set forth above.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with the following undertakings set forth therein within ninety (90) days of the filing of the Consent to:

(a)    add two independent directors to the Company's Board of Directors (one of which may be the independent Chairman if that person is appointed from outside the Company, its affiliates, and the affiliates of Elon Musk). Upon request by the Company, the Commission staff may grant in its sole discretion an extension to the deadline set forth above;

(b)    create a permanent committee ("Committee") of the Company's Board of Directors, consisting of independent directors only, overseeing the (i) implementation of the terms of this Consent and incorporated Final Judgment; (ii) controls and processes governing the Company's and its senior executives' disclosures and/or public statements that relate to the Company; and (iii) review and resolution of human resources issues or issues raising conflicts of interest that involve any member of executive management.  The charter and composition of the Committee is subject to review and approval by the staff of the Commission;

(c)    employ or designate an experienced securities lawyer ("Securities Counsel") whose qualifications are not unacceptable to the staff and maintain such counsel (or a successor Securities Counsel) for so long as the Company remains a reporting company under the Securities Exchange Act of 1934.  The Securities Counsel will review communications made through Twitter and other social media by the Company's senior officers in a manner that is consistent with the Company's disclosure policy and procedures, including the procedures and controls referenced in subsection

4

Case 1:18-cv-08947-AJN   Document 3-2   Filed 09/29/18   Page 5 of 6

(d) below, as well as advise the Company on securities issues, including, but not limited to, compliance with all federal securities laws and regulations;

(d)      implement mandatory procedures and controls to oversee all of Elon Musk's communications regarding the Company made in any format, including, but not limited to, posts on social media (*e.g.*, Twitter), the Company's website (*e.g.*, the Company's blog), press releases, and investor calls, and to pre-approve any such written communications that contain, or reasonably could contain, information material to the Company or its shareholders.  The definition of, and the process to determine, which of Elon Musk's communications contain, or reasonably could contain, information material to the Company or its shareholders shall be set forth in the Company's disclosure policies and procedures; and

(e)      certify, in writing, compliance with the undertakings set forth above in paragraphs III and IV.  The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance.  The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence within a reasonable amount of time.  Defendant shall submit the certification and supporting material to Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104, with a copy to the Office of Chief Counsel of the Enforcement Division, 100 F Street NE, Washington, DC 20549, no later than fourteen (14) days from the date of the completion of the undertakings.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated: _____10/16/18_____

_____
UNITED STATES DISTRICT JUDGE