quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
**alexspiro@quinnemanuel.com**

February 17, 2022

**Via ECF**

Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 906
New York, NY  10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/17/22
```

Re:     <u>SEC v. Elon Musk</u>, No. 1:18-cv-8865-AJN; <u>SEC v. Tesla, Inc.</u>, No. 1:18-cv-8947-AJN

Dear Judge Nathan:

We write to alert the Court to a pattern of conduct by the Securities and Exchange Commission (the "SEC") that has gone beyond the pale.  Simply stated, the SEC has failed to comply with its promise to pay Tesla's shareholders the $40 million it collected as part of the settlement in these cases and that it purports to be holding for them.  Instead, it has been devoting its formidable resources to endless, unfounded investigations into Mr. Musk and Tesla.  We are respectfully requesting that the Court schedule a conference to address why the SEC has failed to distribute these funds to shareholders but has chosen to spend its energy and resources investigating Mr. Musk's and Tesla's compliance with the consent decree by issuing subpoenas unilaterally, without Court approval.

When Mr. Musk and Tesla agreed to the consent decrees in 2018, Tesla was a less mature company.  They elected to resolve the matter (without admitting or denying wrongdoing relative to the SEC's dubious legal theories) because protracted litigation was not in the interests of the

company and its shareholders, and stood to jeopardize the company's financing (*i.e.*, the proverbial gun of losing company financing was pointed at their heads). My clients did so in reliance on certain promises made by the SEC—in particular, that the SEC would distribute the $20 million from Mr. Musk and the $20 million from Tesla to Tesla's shareholders. Plus, Mr. Musk and Tesla understood that settling with the SEC would at last end the SEC's harassment and, importantly, make this Court, and not the SEC alone, the monitor over any perceived compliance issues going forward. But the SEC has broken its promises. Without coming before this Court, it has been weaponizing the consent decree by using it to try to muzzle and harass Mr. Musk and Tesla, while ignoring its Court-ordered duty to remit the $40 million that it continues to hold while Tesla's shareholders continue to wait. Worst of all, the SEC seems to be targeting Mr. Musk and Tesla for unrelenting investigation largely because Mr. Musk remains an outspoken critic of the government; the SEC's outsized efforts seem calculated to chill his exercise of First Amendment rights rather than to enforce generally applicable laws in evenhanded fashion.

      Pursuant to the final judgments in this matter in October 2018, Mr. Musk and Tesla each paid $20,000,000 for distribution to Tesla shareholders pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010, 15 U.S.C. §7246(a). *Tesla*, Dkt. No. 14; *Musk*, Dkt. No. 14. Without moving for appointment of an agent to distribute the funds promptly, however, the SEC instead spent the next year monitoring Mr. Musk's Twitter account. *See Musk*, Dkt. Nos. 18, 19, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 39, 40, 42, 44, 46, 47, 48; *Tesla*, Dkt. Nos. 16, 17. Only on February 24, 2020, *nearly 500 days* after Mr. Musk and Tesla deposited the funds, did the SEC at last move to establish a Fair Fund and appoint a tax administrator. *Musk*, Dkt. No. 52. After that, the SEC sat for *nearly another 500 days* before seeking to appoint a distribution agent. *Musk*, Dkt. No. 54 (Apr. 30, 2021). Once it had done so, the distribution agent failed to file any status reports with the Court in 2021, in defiance of Your Honor's order. *Musk*, Dkt. No. 56. According to the SEC's own Rules of

Practice, which apply in Commission administrative proceedings, "[u]nless ordered otherwise, the Division of Enforcement shall submit a proposed plan no later than 60 days after the respondent has turned over the funds or other assets." 17 C.F.R. § 201.1101. Here, the SEC has been in possession of funds owed to Tesla investors for more than 1,200 days, and it has yet to announce anything like a distribution plan. As such, the SEC has taken nearly twenty times longer than its specified outer limit.

Despite the SEC's inattention and dereliction when it comes to paying Tesla's shareholders, it has been more than energetic in going after Mr. Musk and Tesla, largely to police Mr. Musk's public pronouncements via Twitter. Mr. Musk and Tesla respectfully seek a course correction. The SEC has not once come before Your Honor to seek discovery concerning compliance under the consent decree. Instead, it has gone rogue and unilaterally opened its own investigations. The SEC has conducted these investigations wholly outside of this Court's supervision. But this Court's consent decree, by design and by its terms, regulates Mr. Musk and Tesla's compliance, and they never agreed to a settlement that allows the SEC to issue subpoenas absent oversight and approval from this Court. If the SEC truly perceives non-compliance and can identify a good-faith basis, it must proceed before Your Honor. It is unsurprising that, despite the SEC's serial investigations—some of which involved one investigation being closed only for another to be opened at the same time—there has been no finding of any wrongdoing.

Enough is enough. Mr. Musk and Tesla write in the hope that the Court can bring the SEC's harassment campaign to an end, while ensuring that the SEC finally delivers, at long last, on its commitment to Tesla's shareholders and this Court.

Respectfully submitted,

/s/ Alex Spiro

Alex Spiro

> The Commission shall file a response to the Defendants' letter by February 24, 2022.
>
> SO ORDERED.    2/17/22    *[signature: Alison J. Nathan]*